# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1469V
**(Not to be Published)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| SUSAN BOYER, | |
|        Petitioner, | Filed: October 12, 2016 |
|        v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|        Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On December 4, 2015, Susan Boyer filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"), alleging, among other things, that the influenza ("flu") vaccine she received on October 26, 2014, caused her to develop transverse myelitis ("TM") and/or acute inflammatory demyelinating polyradiculopathy ("AIDP").[2] ECF No. 1. Thereafter, on August 10, 2016, the parties agreed to settle this case and I entered judgment accordingly. ECF No. 16.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for final attorney's fees and costs, dated September 28, 2016. ECF No. 21. Petitioner requests reimbursement of attorney's fees and costs in the amount of $15,862.56. *Id*. Respondent has formally represented that she does not object to the sum requested. ECF No. 22. In addition, and in compliance with General Order No. 9, Petitioner represents that she has not incurred any out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 21.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $15,862.56 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Paul R. Brazil, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.